1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OVION STARNISHA ANDERSON,
et al.,

           Plaintiffs,

      v.

ORGANON USA, INC., et al.,

           Defendants.
_____/

No. C 13-3599 PJH

**ORDER GRANTING DEFENDANTS'
MOTION TO STAY**

     Before the court is defendants' motion to stay the above-entitled action pending the

determination by the Judicial Panel on Multidistrict Litigation ("JPML") regarding the transfer

of this case to MDL 1964 in the Eastern District of Missouri ("the NuvaRing® MDL").

Having read the parties' papers and carefully considered their arguments and the relevant

legal authority, the court hereby GRANTS the motion to stay.

     Plaintiffs filed this action in the Superior Court of California, County of San

Francisco, on July 29, 2013. Defendants Organon USA, Inc., Organon Pharmaceuticals

USA Inc. LLC, Organon International, Inc., and Merck & Co., Inc. ("the Merck defendants")

removed the case on August 2, 2013, alleging diversity jurisdiction.[1] On August 9, 2013,

the Merck defendants filed the present motion to stay pending transfer.

     On August 15, 2013, plaintiffs filed a motion to remand, arguing that the court lacks

subject matter jurisdiction because defendant McKesson Corporation ("McKesson") and

one of the 29 plaintiffs are citizens of California, and because defendant Organon USA, Inc.

and one of the 29 plaintiffs are citizens of New Jersey. The Merck defendants allege in the

---

    [1] Defendant McKesson Corporation did not join in the notice of removal.

notice of removal that McKesson was fraudulently joined in an effort to defeat diversity, and that the New Jersey plaintiff was misjoined under Federal Rule of Civil Procedure 20.

Pursuant to Rule 7.5(c) of the Rules of Procedure of the JPML, the Merck defendants provided notice to the JPML of the pendency of this "tag-along" action on August 6, 2013. Merck anticipates that the JPML will soon issue a Conditional Transfer Order ("CTO") conditionally transferring this action to the NuvaRing® MDL.

The JPML has the authority to transfer "civil actions involving one or more common questions of fact [which] are pending in different districts . . . to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). To date, more than 1400 NuvaRing® actions have been transferred to MDL No. 1964. When evaluating a motion to stay, a primary factor the court should consider is the preservation of judicial resources. Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360-61 (C.D. Cal. 1997). Staying an action pending transfer can help prevent duplicative litigation and inconsistent rulings. Id.

Other courts, including courts within the Northern District, have granted motions to stay in order to preserve judicial resources, even where motions to remand are also pending. See Clarke v. Organon, 2013 WL 3475948, N.D. Cal. July 10, 2013; J.W. v. Pfizer, Inc., 2013 WL 1402962 at *2 (N.D. Cal. Apr. 5, 2013); Freitas v. McKesson Corp., 2012 WL 161211 (N.D. Cal. Jan.10, 2012); Nichols v. DePuy Orthopaedics, Inc., 2011 WL 5335619 (N.D. Cal. Nov. 2, 2011); McCrerey v. Merck & Co., 2005 WL 6124182 (S.D. Cal. Mar. 3, 2005). There is nothing to preclude the MDL court from considering the jurisdictional issues after the transfer. Here, staying the case and the eventual transfer of the case would promote judicial economy because the cases raising the same issues regarding NuvaRing® would be consolidated for discovery and pretrial proceedings.

The question whether McKesson is a proper defendant in the NuvaRing® cases should be decided by one court, because the result otherwise would be potential inconsistency in judicial rulings. Plaintiffs in numerous other NuvaRing®-related cases in California have named McKesson as a defendant, including in Gonzalez v. Organon, C-12-6161 PJH (N.D. Cal.); Axelrod v. Organon, C-13-0117 YGR (N.D. Cal.); Baldwin v.

1  <u>Organon</u>, C-13-1720 TEH (N.D. Cal.); <u>Burgueno v. Organon</u>, C-12-10883 MWF (C.D. Cal.);

2  <u>Chinchilla v. Organon</u>, C-13-0039 MWF (C.D. Cal.); <u>Vazquez v. Organon</u>, C-13-0055 MWF

3  (C.D. Cal.), <u>Smith v. Organon</u>, C-13-0130 MWF (C.D. Cal.), <u>Hackett v. Organon</u>, C-13-

4  0077 MWF (C.D. Cal.), and <u>Wilson v. Organon</u>, C-13-0705 CW (N.D. Cal.), all of which

5  have been transferred to the MDL; and in <u>Buyak v. Organon</u>, C-13-3128 WHA (N.D. Cal.)

6  and <u>Clarke v. Organon</u> C-13-2290 CW (N.D. Cal.), which have been stayed pending

7  transfer to the MDL.

8       Since the question whether McKesson is a proper defendant in the NuvaRing®

9  cases is now before the MDL, the court finds that judicial economy would be better served

10 by staying this case pending the transfer, rather than by considering the motion to remand.

11 The MDL court also has the ability to determine whether the New Jersey plaintiff was

12 properly joined.  Accordingly, for the foregoing reasons, the court finds that defendants'

13 motion to stay must be GRANTED.

14

15 **IT IS SO ORDERED.**

16 Dated:  September 9, 2013

17                            _____
PHYLLIS J. HAMILTON
United States District Judge

18

19

20

21

22

23

24

25

26

27

28